[Cite as *State ex rel. Darling v. Lake Cty.*, 2013-Ohio-1291.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>AMANDA DARLING, | **:** | **O P I N I O N** |
| | **:** | |
| Relator, | **:** | **CASE NO. 2012-L-079** |
| | **:** | |
| - vs - | **:** | |
| | **:** | |
| LAKE COUNTY, et al., | **:** | |
| | **:** | |
| Respondents. | | |

Original Action for Writ of Mandamus.

Judgment: Petition denied and judgment for respondents.


*Amanda Darling*, pro se, 11864 Concord-Hambden Road, Concord Township, OH 44077 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Joshua S. Horacek*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent Lake County).

*Michael C. Lucas*, Wiles and Richards, 37265 Euclid Avenue, Willoughby, OH 44094; and *John D. Latchney*, Tomino & Latchney, L.L.C., L.P.A., 803 East Washington Street, Suite 200, Medina, OH 44256 (For Respondent Concord Township Trustees).

*Mike DeWine*, Ohio Attorney General, and *Cynthia K. Frazzini* and *Gerald E. Dailey*, Assistant Attorneys General, 2045 Morse Road, Building D-2, Columbus, OH 43229 (For Respondent Ohio Department of Natural Resources).


TIMOTHY P. CANNON, P.J.

{¶1} This action in mandamus is before this court for final disposition of the respective motions of respondents, Ohio Department of Natural Resources ("ODNR"),

Lake County, and Concord Township Trustees. After a review of the summary judgment motions and the evidentiary material submitted in support of those motions, we find that summary judgment as to all respondents is warranted.

{¶2} On July 16, 2012, relator filed a pro se petition for writ of mandamus alleging that her request for public records was denied by respondents. In her request, relator sought the following:

{¶3} (a) A copy of any/all investigation reports and complaints about a flood issue that occurred on/between July 2006 to present day in the area on Jordan Creek/ 11864 Concord-Hambden;

{¶4} (b) A copy of any/all geographical surveys of said area/address listed in paragraph (3)(a), including historical records and surveys listing said area/address as a 'flood plain' or similar terminology;

{¶5} (c) A copy of any/all Statutes, Laws, Regulations, including Policy Directives and Procedures that this agency/department uses in it's responses to investigations, complaints, etc. concerning the incident paragraph (3)(a) and this FOIA Request/Response;

{¶6} (d) A copy of complete blueprints, diagrams, and drainage/ STORMWATER MAPS, for the subdivisions call WOODCREST AND CALLIWOODS both located in Concord Twp, Ohio. That shows/reflects said drainage going into Jordan Creek in Concord Twp, Ohio;

{¶7} (e) A copy of any/all names of City, County, State and Federal Public Officials that approved the development of said Subdivisions

2

called Woodcrest and Cali woods in Concord Twp, Ohio, including but not limited to the names of the inspectors of said drainage lines/pipes, etc.;

{¶8} (f) A copy of any/all names of City, County, State and Federal Public Officials that approved the development of home/property 11864 Concord-Hambden Rd in Concord Twp, Ohio. That knew or reasonable should have know that said property/area was historically known/designated as a 'Flood Plain' in 1978 when house was built as was sold to Me in 2005;

{¶9} (g) A complete map of Concord Twp, Ohio reflecting any/all rivers, streams, lakes and creeks within Concord Twp, including but not limited to specifically a Jordan Creek aerial view going through Concord Twp, Ohio" (sic throughout).

{¶10} Relator seeks a writ of mandamus to compel the release of the above documentation. "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶6; R.C. 149.43(C)(1). "Under the public records statute, the government has the duty to supply records, not information, and the government has no duty to create records to meet a requester's demand." *State ex rel. Morabito v. City of Cleveland*, 8th Dist. No. 98829, 2012-Ohio-6012, ¶14.

{¶11} Respondents have filed respective motions for summary judgment. The standard for summary judgment is well established. To prevail on a motion for

3

summary judgment, the moving party has the initial burden to affirmatively demonstrate that: (1) there is no genuine issue of material fact to be resolved in the case; (2) final judgment as a matter of law is warranted; and (3) the nature of the evidentiary materials, even when viewed in a light most favorable to the non-moving party, are such that a reasonable person could only reach a conclusion against the non-moving party. *State ex rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶26; *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶12} We first address ODNR's motion for summary judgment. ODNR attached relator's request for public records to its motion for summary judgment. It also attached the affidavits of Christopher Thoms, the program manager of the Floodplain Management Program, and Charles Rowan, the Deputy Chief Counsel of ODNR.

{¶13} Mr. Thoms averred that he was "unable to locate any records relating to [relator's] request." Mr. Thoms explained that ODNR's Floodplain Management Program "does not have any enforcement authority or jurisdiction in Concord Township, Lake County, Ohio." ODNR's Floodplain Management Program does not "prepare or maintain any maps, surveys or investigation reports." Mr. Thoms further explained that "[t]he authority having jurisdiction over floodplain management in Concord Township, Lake County, Ohio is the Lake County Drainage Engineer with offices at 550 Blackbrook Road, Painesville, Ohio."

{¶14} In Mr. Rowan's affidavit, he averred that when he received relator's written request for public records, he "determined that the most likely program to have records responsive to [relator's] request would be the Floodplain Management Program." Upon further inquiry to Mr. Thoms, Mr. Rowan learned that ODNR "has no enforcement

4

authority or jurisdiction over floodplain matters in Concord Township, Lake County, Ohio." Mr. Rowan explained that he informed relator, by letter, that he was unable to identify any public records responsive to her request.

{¶15} In her "motion to strike and/or for objection," relator makes the conclusory statement that the affidavits of Messrs. Rowan and Thoms were "intentionally filed in 'bad faith.'" Additionally, citing to various sections of the Ohio Revised Code, relator claims that ODNR does have the records requested, as ODNR is responsible for floodplain management in Concord Township, Ohio.

{¶16} In its response, ODNR reasserts that its affidavits confirm that ODNR does not have enforcement authority or jurisdiction over floodplain matters in Concord Township; that the Lake County Drainage Engineer is the authority having jurisdiction; and that ODNR's role is that of an advisor to local communities regarding floodplain management issues.

{¶17} In construing these evidentiary materials in a light most favorable to relator, we determine no genuine issue of material fact remains to be litigated. The evidence illustrates that ODNR has made a diligent effort in response to relator's public records request and found no such records. Moreover, ODNR has submitted evidentiary material demonstrating that it has no enforcement authority or jurisdiction over floodplain management issues in Concord Township, Ohio. Conversely, relator has not put forth any evidentiary material under *Dresher* to establish these records exist. Under the Public Records Act, ODNR does not have any duty to create records that do not exist. *State ex rel. Chatfield v. Gammill*, 132 Ohio St.3d 36, 2012-Ohio-1862, ¶3.

{¶18} Next, in its motion for summary judgment, Lake County claims the only records relator did not receive are those that do not exist. Attached to Lake County's motion for summary judgment is the affidavit of Michael DeLeone, Assistant Lake County Prosecuting Attorney. Mr. DeLeone explained that upon receiving relator's public records request, a meeting was held with relator and her family at the Lake County Administration Building on November 2, 2011. At this meeting, relator and her family were able to inspect "all the documents in possession of the Board of Lake County Commissions (including the Lake County Planning Commission) and the Lake County Engineer that in any way related" to her public records request. Mr. DeLeone indicated that relator was provided with copies of the documents. During a follow-up conversation, Mr. DeLeone informed relator that the general statement pages from the Noble Ridge and Wood Crest subdivision and the "no-rise certificates" for Jordan Creek do not exist. The nonexistence of these items was reaffirmed by the affidavit of George Hadden, Construction Engineer in the Office of the Lake County Engineer, who averred that the general pages from the Noble Ridge and Wood Crest subdivisions did not exist and that Jordan Creek does not have a "no-rise certificate."

{¶19} Lake County also attached the affidavit of Amy Elszasz, Clerk of the Board of Lake County Commissioners, who essentially averred that after the November 2, 2011 inspection of records, relator was satisfied upon receiving the records that were in existence.

{¶20} In her pro se "motion to strike and/or for objection," relator claims the affidavits remain completely silent as to whether no-rise certificates exist for other subdivisions named in her request—namely, the Cali Wood Subdivision—and other

6

subdivisions within a one-mile radius of her address. Relator further claims that all of the permits required to alter the floodplain through the draining of stormwater/sewage into Jordan Creek were not disclosed.

{¶21} After ODNR and Lake County filed its motions for summary judgment and relator filed her responses to each, this court held a pretrial hearing. At that hearing, Construction Engineer George Hadden of the Lake County Engineer's Office indicated that a voluminous amount of material had been prepared and left for relator for pick up at the Lake County Prosecutor's Office. Relator indicated she did not recall being informed of the availability of this material and/or did not have any recollection of picking it up. The court then requested that Lake County produce the material again. Lake County agreed that regardless of whether it had already provided the documentation mentioned in relator's pro se motion to strike, additional copies would be made available to relator. Thereafter, on December 20, 2012, Lake County filed a notice with this court, stating:

{¶22} On December 13, 2012, counsel for Lake County had a telephone conversation with Relator wherein counsel notes that the above referenced material was available to be picked up from the Lake County Prosecutor's Office. Counsel for Lake County also indicated that Construction Engineer George Hadden of the Lake County Engineer's office would make himself available to review the information with Relator if she so chose. Relator indicated to counsel that she was not, at this time, willing to accept the materials from Lake County. Counsel indicated to Relator that the

7

material would remain available for her to pick up from the Lake County Prosecutor's Office at her convenience, though counsel requested that she call ahead.

{¶23} In her responsive pleadings, relator has never denied or otherwise challenged the assertions contained in this notice. Therefore, it is not refuted that a significant amount of material has been made available to relator that, for whatever reason, she simply refuses to pick up. This puts relator in a position where she is unable to deny that the material has been provided to her.

{¶24} After a review of the evidentiary materials, we determine no genuine issue of material fact remains to be litigated. To reiterate, under the Public Records Act, Lake County does not have any duty to create records that do not exist. *Id.* And, to the extent that relator is entitled to the requested documents within the purview of R.C. 149.43, the evidence illustrates that Lake County has performed its obligation by making them available to relator. Relator's mandamus action, therefore, is essentially seeking performance of an obligation that either does not exist, or has already been met, thereby rendering it moot. *See generally State ex rel. Gannett Satellite Info. Network v. Shirey*, 78 Ohio St.3d 400, 401 (1997) ("provision of the requested records to the relator in a mandamus action brought under R.C. 149.43 renders the mandamus claim moot").

{¶25} Lastly, to support its motion for summary judgment, Concord Township attached the affidavit of Amy L. Dawson, Fiscal Officer, averring that after she received relator's request for public records, she conducted a search and responded to relator by letter, dated October 5, 2011. The letter to relator was also attached to Concord

8

Township's motion; it indicated that all of the records Concord Township has on file from July 2006 to the present were enclosed. Concord Township also has informed relator that it is in possession of a map, created by Lake County Stormwater Management ("LCSM"), which may arguably constitute a public record, yet Concord Township does not have the necessary equipment to copy the map internally. Upon relator paying the cost of reproducing the map, Concord Township indicated it would provide her with a copy. *See generally State ex rel. Gibbs v. Concord Twp. Trustees*, 152 Ohio App.3d 387, 2003-Ohio-1586, ¶20-32 (11th Dist.).

{¶26} In her pro se "motion to strike and/or for objection," relator does not provide any material of evidentiary quality required by Civ.R. 56 or *Dresher*. Instead, relator claims she "will not accept [a map] now by the Respondents."

{¶27} After a review of the evidentiary materials, we determine no genuine issue of material fact remains to be litigated. Under the Public Records Act, Concord Township does not have any duty to create records that do not exist. *State ex rel. Chatfield*, *supra*, ¶3. And, as Concord Township is willing to make the map available to relator, her mandamus action is essentially seeking performance of an obligation that either does not exist or has already been met, thereby rendering it moot. *See generally State ex rel. Gannett Satellite Info. Network*, *supra*.

{¶28} Accordingly, respondents' motions for summary judgment are granted. It is the order of this court that final judgment is hereby entered in favor of respondents as to relator's entire mandamus petition. All pending motions are overruled as moot.

THOMAS R. WRIGHT, J., concurs,
COLLEEN MARY O'TOOLE, J., concurs in judgment only.