[Cite as *Johns v. Allen*, 2013-Ohio-2045.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ELISE JOHNS, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2013-T-0007** |
| KAREN INFANTE ALLEN, et al., | : | |
| Respondents. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Elise Johns,* pro se, 1932 Stepney Street, Niles, Ohio 44406 (Relator).

*Dennis Watkins,* Trumbull County Prosecutor, *LuWayne Annos*, Assistant Prosecutor, and *Lynn B. Griffith, III*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondents).

PER CURIAM.

{¶1} This action in mandamus is presently before this court on the Motion for Dismissal or in the Alternative Motion for Summary Judgment of respondents, Trumbull County Clerk of Courts Karen Infante Allen, Trumbull County Prosecuting Attorney Dennis Watkins, and Trumbull County Assistant Prosecuting Attorney Diane Barber. As the basis for this Motion, respondents maintain that the Petition of relator, Elise Johns, fails to state a claim upon which a writ can be granted because her request for public records is moot. For the following reasons, respondents' Motion has merit and, accordingly, relator's Petition is dismissed.

{¶2} In relator's Petition for Writ of Mandamus, filed February 4, 2013, she requested that respondents be ordered to provide certain public records to her. These records include various documents related to Trumbull County Court Case Nos. 95-CR-696 and 96-CR-599, *State v. Cioffi*. Relator argues that she requested these items pursuant to R.C. 149.43, the Ohio Public Records Act, but her request was denied by respondents.

{¶3} In moving to dismiss relator's claim, respondents have raised several arguments. They assert that the claim is moot, since respondents have agreed to provide all available records to relator. In support, respondents attached a letter they assert has been mailed to relator, dated February 21, 2013, which stated that the public records were available for the relator to view and copy at the courthouse.

{¶4} Relator did not file a response to the Motion to Dismiss.

{¶5} As an initial matter, respondents emphasize that relator failed to properly caption her petition and this is grounds for dismissal. "The failure to caption an original action properly constitutes sufficient grounds for dismissing the petition." (Citation omitted.) *Snype v. Enlow*, 11th Dist. No. 2011-P-0096, 2012-Ohio-1272, ¶ 4; *see also Allen v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 227, 181 N.E.2d 270 (1962). R.C. 2731.04 states, in part, that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." The caption of relator's Petition in this case does not indicate that the request is made in the name of the state on the relation of Johns. Instead, the petition was filed by Johns in her individual capacity.

{¶6} However, even if relator had properly captioned her petition, respondents would still be entitled to judgment as a matter of law.

2

{¶7} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural in nature and tests the sufficiency of the complaint." *Huffman v. Willoughby*, 11th Dist. No. 2007-L-040, 2007-Ohio-7120, ¶ 16, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). Under Civ.R. 12(B)(6), "the factual allegations and all reasonable inferences in a complaint must be accepted as true and viewed in a light most favorable to the plaintiff. In order to dismiss a complaint under Civ.R. 12 or to enter judgment on the pleadings, a court must be convinced, based solely on the allegations in the complaint, that the plaintiff can prove no set of facts entitling him to recovery." (Citation omitted.) *State ex rel. Simeone v. Niles*, 11th Dist. No. 2008-T-0059, 2008-Ohio-7000, ¶ 18.

{¶8} In the present matter, relator has asserted in her Petition that she has not received the records she requested. Since this is a motion to dismiss pursuant to Civ.R. 12(B)(6), this court must rely on the factual allegations in the Petition and accept these allegations as true.

{¶9} Mandamus is a writ issued to a public officer to perform an act "which the law specially enjoins as a duty resulting from an office." R.C. 2731.01. "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. No. 2007-G-2776, 2008-Ohio-1028, ¶ 31, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80, 526 N.E.2d 786 (1988).

{¶10} This court has found that, although it would usually be inappropriate to consider evidentiary materials in ruling on a motion to dismiss under Civ.R. 12(B)(6),

3

such materials can be reviewed when the basis of the dismissal motion is mootness. *State ex rel. Robinson v. McKay*, 11th Dist. No. 2001-T-0125, 2002 Ohio App. LEXIS 587, *3 (Feb. 15, 2002). Respondent alleges that the present action is moot, such that it would be appropriate to consider the evidentiary materials attached to the Motion to Dismiss. In support of its assertion that the action is moot, respondent attached the February 21, 2013 letter, stating that the materials requested by relator were either available for review at the courthouse or were not part of the record because they were privileged.

{¶11} In the present matter, we find that dismissal of the Petition against respondent Allen is warranted. There is an adequate remedy at law through respondent's agreement to provide all available documents to relator. The letter sent to relator specifically stated that she could come to the courthouse to review the case file and would be allowed to make copies of the documents in the file. Under R.C. 149.43(B)(1), "making the records 'available for inspection to any person at all reasonable times during regular business hours'" fulfills the requirement of complying with a public records request. (Citation omitted.) *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 21. This is what respondents have done, as indicated by the letter from Allen.

{¶12} Since respondent Allen has agreed to provide access to the documents in the court file and did not deny relator's request as to these items, relator's request is moot. *State ex rel. Gannett Satellite Information Network v. Shirey*, 78 Ohio St.3d 400, 401, 678 N.E.2d 557 (1997) ("provision of the requested records to the relator in a mandamus action brought under R.C. 149.43 renders the mandamus claim moot"); *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918

4

N.E.2d 515, ¶ 4 (the mandamus complaint was moot because the respondent produced the requested records after the mandamus action was filed); *State ex rel. Darling v. Lake Cty.*, 11th Dist. No. 2012-L-079, 2013-Ohio-1291, ¶ 27 (since respondent is willing to make the requested document available to relator, "her mandamus action is essentially seeking performance of an obligation that either does not exist or has already been met, thereby rendering it moot").

{¶13} We emphasize that relator, who filed no responsive pleading to the Motion to Dismiss, did not deny the assertion that she was sent the letter and was provided access to the documents she requested through access to the court file. She also attached Allen's letter to a subsequent filing, a response letter she wrote to Allen, acknowledging that she received the letter. Relator's failure to deny the assertions that she was able to view the records at any time and her acknowledgment that she received the letter informing her of this makes her unable to deny that the material is being provided to her. *See Darling* at ¶ 23 ("In her responsive pleadings, relator has never denied or otherwise challenged the assertions contained in this notice. Therefore, it is not refuted that a significant amount of material has been made available to relator that, for whatever reason, she simply refuses to pick up. This puts relator in a position where she is unable to deny that the material has been provided to her.").

{¶14} Further, relator has not been denied access because she has not attempted to obtain the documents that respondents have agreed to make available. Relator has made no assertion that this compliance by the respondents does not meet her needs, that certain documents are not being made available, or that respondents' action is insufficient to fulfill their statutory duty. The only response to the letter was a

5

March 4, 2013 letter filed by her, asking for the documents to be prepared for her pick up and requesting information related to the time and place of pick up.

{¶15} In regards to the other respondents, Watkins and Barber, they argue that they were never given a public records request and, therefore, they cannot be said to have denied such a request. A document attached to relator's Petition, a photocopy of certified mail that was returned to relator, showed that delivery was attempted but the mail carrier was unable to forward the request. Relator concedes that this letter was undelivered. Further, relator asserts that she attempted to serve the respondents but does not affirmatively allege that such service was completed. Since relator has failed to allege that respondents Watkins and Barber actually received a public records request, we find that they had no duty to prepare or make available public records being sought by relator. *See State v. Bush*, 11th Dist. No. 2001-T-0042, 2001 Ohio App. LEXIS 4511, *3 (Oct. 5, 2001) (a person seeking access to public records under R.C. 149.43 must make a proper request before seeking recourse through a mandamus action).

{¶16} For the foregoing reasons, the dismissal of relator's Petition is justified under Civ.R. 12(B)(6) because she has failed to state a viable claim for any requested relief and the matter is moot. Respondents' Motion to Dismiss is granted. It is the order and judgment of this court that relator's Petition for Writ of Mandamus is hereby dismissed in its entirety.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.

6