[Cite as *State v. Robson*, 2014-Ohio-5637.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 BE 41 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JESSIE GARON ROBSON | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
Common Pleas of Belmont County, Ohio
Case No. 13 CR 52

JUDGMENT:                              Affirmed.

APPEARANCES:

For Plaintiff-Appellee:                Atty. Daniel P. Fry
Belmont County Prosecutor
147-A West Main Street
St. Clairsville, Ohio  43950

For Defendant-Appellant:             Atty. John M. Jurco
P.O. Box 783
St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  December 18, 2014

WAITE, J.

{¶1} Appellant Jessie Garon Robson appeals the maximum five-year prison sentence imposed on him by the Belmont County Court of Common Pleas after he pleaded guilty to one count of gross sexual imposition. This appeal is based solely on the final words spoken by the trial judge at the sentencing hearing, in which he said that a person who rapes an 11-year old in Belmont County will go to prison. Appellant was originally charged with the rape of an 11-year old child, but the charge was reduced to gross sexual imposition during the plea process. Appellant argues that the judge assumed he was guilty of the dismissed rape charge and imposed the maximum sentence based on that unsupported assumption. Appellant accepts the fact that a judge may base its sentence in part on charges that were dismissed, but contends that the judge cannot presume, without some evidence in the record, that the defendant committed the dismissed charges. Although there is some precedent supporting the notion that a trial judge should not base a sentence on the unsupported presumption that the defendant was guilty of charges that were dismissed, the instant appeal does not fall within the rubric of those cases. The judge made the comment about rape after sentencing had concluded, not as part of sentencing. The court did not state that Appellant was guilty of rape, did not state or imply that the maximum sentence was being imposed because of the dismissed rape charge, and the record shows that the court considered the required sentencing factors. Appellant's assignment of error is overruled and the sentence is affirmed.

History

**{¶2}** On March 6, 2013, Appellant was indicted in Belmont County on one count of rape, R.C. 2907.02(A)(1)(b). Appellant was charged with raping a person less than thirteen years old, a first degree felony subject to life imprisonment. The victim was eleven years old at the time of the crime.

**{¶3}** On October 11, 2013, Appellant signed a written plea agreement in which the charge was reduced to one count of gross sexual imposition, R.C. 2907.05(A), a third degree felony subject to five years in prison. The prosecutor agreed to dismiss the rape charge and to recommend the maximum five-year prison term at sentencing. The court accepted the guilty plea on October 15, 2013. Sentencing was held on October 28, 2013. After listening to the prosecutor's statement and recommendation, and after hearing the statement made by Appellant's counsel asking for mercy from the court, the court sentenced Appellant to five years in prison. At the end of the sentencing hearing the court stated: "Let it be known if you rape an 11 year old in Belmont County, Ohio, you go to prison. There's nothing complicated or ambiguous about that statement." (Tr., p. 9.) This appeal followed.

ASSIGNMENT OF ERROR

The trial court erred in sentencing the defendant-appellant, Jessie Garon Robson to the maximum five (5) year prison term for his conviction of gross sexual imposition.

**{¶4}** Appellant's sole argument is that the trial court committed reversible error at sentencing by implying, at the end of the sentencing hearing, that he was guilty of the charge of rape, a charge that had been dismissed as part of the plea

agreement. Appellant acknowledges that a trial judge may consider, at sentencing, charges that have been dismissed or reduced during the plea process. *State v. Parsons*, 7th Dist. 12 BE 11, 2013-Ohio-1291, ¶18; *State v. Cooey*, 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (1989). Appellant contends, though, that a judge may not presume that the defendant is guilty of those charges without evidence, and may not express its belief that the defendant is guilty of those charges and then impose a sentence based on that presumed guilt.

{¶5} We review felony sentences in a limited, two-step approach, as set forth in the plurality opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. First, the court examines the sentence to determine if it is "clearly and convincingly contrary to law." *Id.* If the sentence is not clearly and convincingly contrary to law, then the court reviews the sentence for abuse of the trial court's discretion. *Id.* at ¶17. An abuse of discretion means more than an error of judgment, but rather, implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶6} Appellant cites *State v. Blake*, 3d Dist. No. 14-03-33, 2004-Ohio-1952, in support. In *Blake*, the defendant was indicted on four counts of rape, but he pleaded guilty to one count of gross sexual imposition as part of a plea bargain, and the rape charges were dismissed. At sentencing, the judge expressed his belief that the defendant had committed the rape charges that were dismissed, and stated that he should be punished for those charges. The court imposed the maximum sentence of five years in prison in part due to its belief that the defendant was guilty of rape.

On appeal, the Third District reversed and remanded the case for resentencing due to the unsubstantiated conclusion that the defendant was guilty of the dismissed charges. The court reasoned that even though the sentencing judge may consider uncharged crimes or dismissed charges during sentencing, the court's discretion in considering such charges is not unfettered. *Id.* at ¶5. *Blake* held that "[a] court transcends its discretion when it states that its sentence is based in part or in whole on its conclusion that defendant is guilty of a higher, dismissed charge." (Emphasis omitted.) *Id.* at ¶5. The *Blake* case relies primarily on *State v. Fisher*, 11th Dist. No. 2002-L-020, 2003-Ohio-3499, which came to essentially the same conclusion on similar facts. We have never relied on either of these cases, or any similar cases, as persuasive authority on this question.

**{¶7}** In the instant case, the trial judge did not state that Appellant was guilty of rape, nor did it state that the sentence was based in whole or in part on the fact that Appellant was guilty of rape. After sentence was imposed, at the very end of the hearing, the court made a general statement that a person who rapes an 11-year old in Belmont County will go to prison. Appellant would like us to presume that the trial judge found him guilty of rape without evidence and sentenced him for rape instead of for gross sexual imposition. This is contrary to the rule that "judges are presumed to know the law and expected to consider only relevant, material, and competent evidence during their deliberations." *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, ¶57.

**{¶8}** It must be noted that the trial judge did not say that anyone who commits a rape against an 11-year old would get the maximum sentence, but only that such a person would receive a prison sentence. Appellant is arguing that the maximum sentence was erroneous, and it is difficult to connect the judge's comment with the specific error raised on appeal.

**{¶9}** Nowhere does the trial judge link the dismissed charge and the sentence that was imposed. The judge stated that it had reviewed the file extensively, considered the purposes and principles of sentencing, and found it deplorable that Appellant committed gross sexual imposition against an 11-year old child. (Tr., pp. 3-4.) Normally, if the judge mentions that he considered the purposes and principles of felony sentencing, this is enough to avoid the application of the rule in *Blake*. See, e.g., *State v. Waxler*, 6th Dist. No. L-11-1101, 2012-Ohio-3619, ¶12. Even the Third District Court of Appeals, in interpreting its *Blake* holding, has stated that "a trial court's mere reference to a defendant's uncharged and unadjudicated conduct does not produce reversible error, provided that the trial court relied on other evidence and factors in imposing sentence." *State v. Hartley*, 3d Dist. No. 14-11-29, 2012-Ohio-4108, ¶33. There were a number of other factors that the trial judge considered in this case, including the presentence investigation report and the prosecutor's recommendation of a five-year prison term, along with all the sentencing factors in R.C. 2929.11 and 2929.12. Appellant's own counsel was aware that there was very little chance that his client would receive anything less than the maximum prison term, and simply asked the court to have mercy on Appellant. (Tr., p. 3.)

Even if we had previously adopted the rule set out by our sister district in *Blake*, which we have not, the very specific factual scenario presented by *Blake* certainly does not apply in the instant appeal.

{¶10} Appellant has not established that the trial court imposed a maximum sentence based on an unsupported presumption that he was guilty of a crime dismissed during the plea negotiation process. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.