[Cite as *Evans v. Etna Twp.*, 2024-Ohio-566.]

IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MARK A. EVANS<br><br>Requester<br><br>v.<br><br>ETNA TOWNSHIP, LICKING COUNTY OHIO<br><br>Respondent | Case No. 2023-00582PQ, 2023-00583PQ and 2023-00584PQ<br><br>Special Master Todd Marti<br><br><u>REPORT AND RECOMMENDATION</u> |

{¶1} These consolidated cases are before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that judgment be entered for Respondent and that Requester bear the costs of these cases.

I. **Background**.

{¶2} Requester Mark Evans is a trustee of Respondent Etna Township ("Etna"). He made several public records requests for copies of notes the township administrator used when delivering remarks to Etna's trustees. Etna denied those requests, asserting that the notes were not records and hence not public records. Mr. Evans filed case No. 2023-00582PQ to challenge that position. *Complaint*, filed September 5, 2023, in case No. 2023-00582PQ.

{¶3} Mr. Evans made two other public records requests to Etna for copies of video tapes recorded by security cameras monitoring Etna's facilities. Etna denied those requests, asserting that those tapes were exempted from the class of public records because they were infrastructure records within the meaning of R.C. 149.433. Mr. Evans filed case Nos. 2023-00583PQ and 2023-00584PQ to challenge those denials. *Complaint*, filed September 5, 2023, in case No. 2023-00583PQ; *Complaint*, filed September 5, 2023, in case No. 2023-00584PQ.

{¶4} All three cases were referred to mediation, but none resolved. They were then consolidated, and a schedule was set for the parties to submit evidence and memoranda supporting their positions. That schedule has run its course, and these cases are ripe for decision. *Order Terminating Mediation*, entered November 30, 2023; *Order*, entered November 30, 2023.

## II. Analysis.

### A. Requester has not proven that the notes at issue in case No. 2023-00582PQ were records.

{¶5} A public office is required to provide copies of "public records" upon request. "'Public record' means *records* kept by any public office[.]" R.C. 149.43(A)(1) (Emphasis added). Materials are therefore only "public record[s]" if they are "record[s]." *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 41, 693 N.E.2d 789 (1998). A party suing to enforce a public records request must prove that the materials he seeks are records if their status as such is disputed, and must do so with clear and convincing evidence. *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23; *Hicks v. Union Twp.*, 12th Dist. Clermont No. CA2022-10-057, 2023-Ohio-874, ¶ 25.

{¶6} Etna disputes that the notes sought in case No. 2023-0582PQ are records. Mr. Evans disagrees, but Etna has the better end of the argument.

{¶7} The Supreme Court has held that an official's personal notes, made to personally focus his thoughts or aid his recollection are not records if they are not shared with other officials or preserved as part of his office's general records. *State ex rel. Steffen v. Kraft*, 67 Ohio St.3d 439, 440, 619 N.E.2d 688 (1993); *State ex rel. Cranford v. Cleveland*, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶¶ 17, 18. Notes' status as non-records is reinforced when the information they contain is captured in official recordings of the office's proceedings. *Steffan*, 67 Ohio St.3d at 441.

{¶8} Affidavit testimony from Etna's township administrator—the author of the notes—states that she used the notes to prepare her remarks to the township's trustees, that she shared them with no one else, and that the notes were destroyed after she had delivered her remarks. It also states that her remarks are preserved on video tape as part

of the township's records. *Procedural Requirement*, filed December 18, 2023, at pp. 2-3, ¶¶ 6-15.

{¶9} Mr. Evans produced no competent evidence rebutting that testimony. The closest he comes is his *Submission of Additional Evidence by Requester*, filed December 18, 2023, but that falls short in several respects. Procedurally, Civ. R. 5(B)(4) prevents the court from considering that submission because Mr. Evans has provided no proof that that submission was served on Respondent.[1] Further, it is not evidence because it is merely an unsworn memorandum. *Meadows v. Freedom Banc, Inc.*, 10th Dist. Franklin No. 03AP-1145, 2005-Ohio-1446, ¶ 20; *Staton v. Village of Timberlake*, Ct. of Cl. No. 2023-00128PQ, 2023-Ohio-1860, ¶ 16, adopted, 2023-Ohio-2322.

{¶10} Substantively, although that filing disputes Etna's assertion that all the administrator's remarks were videotaped, it does not dispute her testimony that she used the notes to personally gather her thoughts, that she shared them with no one else, and that they were destroyed after she delivered her remarks. Those facts are themselves sufficient to exclude the notes from record status and are undisputed. Mr. Evans has therefore failed to meet his burden of proving that the notes were records.

{¶11} The special master therefore recommends that the court dismiss the claim asserted in case No. 2023-00582PQ.

## B. Requester's claims in case Nos. 2023-00683PQ and 2023-00584PQ are moot.

{¶12} Etna initially denied Mr. Evans' request for the video tapes because the tapes were supposedly infrastructure records exempted from production by R.C. 149.433, but has since withdrawn that objection. It now asserts that it has stood ready to provide copies if Mr. Evans will pay for them. That assertion is backed up by affidavit testimony that it has offered copies of the video tapes to Mr. Evans and that he has declined that offer. *Procedural Requirement*, at pp. 4, 5, ¶¶ 7-10, 13.

{¶13} R.C. 149.43(B)(1) obligates a public office to make copies of public records available when they are requested. The Supreme Court and other courts have held that

---

[1] Mr. Evans was explicitly advised of his duty to serve his submissions on Etna. *Order Terminating Mediation,* ¶ A.

an office satisfies that obligation if it offers to make requested records available and the requester fails to act on the offer. They further hold that uncontradicted evidence of that fact moots any claim brought on the request. *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶¶ 8, 9, 13, 22; *Johns v. Allen*, 11th Dist. Trumbull No. 2013-T-0007, 2013-Ohio-2045, ¶¶ 3, 11-14; *State ex rel. Darling v. Lake Cty.*, 11th Dist. Lake No. 2012-L-079, 2013-Ohio-1291, ¶¶ 21-23. See also *Barnes v. City of Cleveland Div. of Records Administration*, 2021-Ohio-212, 167 N.E.3d 51 (8th Dist.), ¶¶ 18, 20-22, 25, 26.

{¶14} That is the situation here. Etna has provided affidavit testimony that it offered Mr. Evans copies of the tapes if he would contact them, but that Mr. Evans declined those offers. Mr. Evans' only response are his assertions in his *Submission of Additional Evidence*, but that filing is not evidence; it is unsworn. Further, Civ. R. 5(B)(4) prevents the court from considering it because there is no proof that it has been served on Etna. Moreover, Mr. Evans' assertions do not dispute Etna's offer, but merely discount its value to him. In sum, the pattern here is the same as it was in *Norton*, *Johns,* and *Darling*: the respondent has presented uncontradicted evidence that it offered access to the requested records and that the requester failed to accept. That mooted the claims in those cases and moots Mr. Evans' claims regarding the video tapes. The special master therefore recommends that the court enter judgment for Etna on those claims.

**C. Requester should bear the costs of these cases**.

{¶15} Costs should be assessed against Requester pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing these cases. *Helfrich v. Hall*, 5th Dist. Licking No. 2021 CA 00077, 2022-Ohio-1852, ¶ 25.

**III. Conclusion.**

{¶16} Considering the foregoing, the special master recommends that:

-        Judgment be entered for Respondent.

-        Requester should bear the costs of these cases.

{¶17} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this*

*report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed January 10, 2024**
**Sent to S.C. Reporter 2/15/24**