STROTHERS, APPELLANT AND CROSS-APPELLEE, *v.* NORTON, MAYOR,

APPELLEE AND CROSS-APPELLANT.

[Cite as *Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007.]

*Public records—Portion of court of appeals' judgment denying writ of mandamus*

*affirmed—Portion of judgment awarding statutory damages reversed.*

(No. 2011-1483—Submitted March 7, 2012—Decided March 15, 2012.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Cuyahoga County,

No. 96147, 2011-Ohio-3694.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment denying the request of appellant and cross-appellee, Gerald O. Strothers Jr., for a writ of mandamus to compel appellee and cross-appellant, East Cleveland Mayor Gary Norton Jr., to provide access to review, inspect, and copy at cost various records.  Norton  cross-appeals from that portion of the judgment awarding Strothers $1,000 in statutory damages on his public-records mandamus claim.

{¶ 2}   We affirm the portion of the judgment denying the writ of mandamus and reverse the portion awarding statutory damages.

**Facts**

{¶ 3}   By certified letter dated December 1, 2010, Strothers requested that Norton allow him "to review, inspect and or copy [certain] public records pertaining to East Cleveland Ohio from (2009 to present)" relating to the East Cleveland jail.  These records included (1) copies of the contracts to provide food/catering and laundry service for jail prisoners, (2) all financial records that contain data about the jail—including "all payments made and received, amounts paid to outside contractors, bid requests, proposals and resumes of any winning

and non-winning bidder(s)," (3) documents related to all purchases of jail bedding, pads, and sheets, (4) requests for "bids of jail plumbing problems including the many non-working sinks and toilets in the facility, this may include repairs made by in-house custodians; all plumbing invoices," (5) "Certification to provide medical care, dispense medications by jail personnel or written authorization allowing non-medical personnel, correctional officers to dispense prescription medications," (6) "Extermination Contracts or requests for extermination services made by jail personnel and prisoners, including the plan to address rat, mice, and insect infestation at the jail facility; all service calls from outside professional and nonprofessional exterminators," (7) "Jail policy pertaining to prisoners' use of telephones, showers, and being able to step out of their cells for exercise and recreation, or letter directing jail personnel to keep prisoners caged up without release," (8) inspection reports from the state and Cuyahoga County offices tasked with monitoring jail facilities, and (9) "Written jail policies pertaining to prisoner treatment, phone calls, medical attention, and discipline including incidents where prisoners were stunned with electronic non-lethal weapons and physically restrained using chains or handcuffs."

{¶ 4}   In his request, Strothers acknowledged the breadth of his request:

I realize that this is a large request for documents but it is my intention to review the requested records within a reasonable amount of time and perhaps help our fair city avoid any future mistreatment of prisoners in the city jail facility.

{¶ 5}   The certified-mail receipt indicates that the request was received on behalf of the mayor on December 2, 2010.  Strothers reiterated his request at the December 7, 2010 regular meeting of the East Cleveland City Council.

2

**{¶ 6}** On December 9, 2010, only a week after Strothers's public-records request was received by Norton, Strothers filed a petition in the Eighth District Court of Appeals for a writ of mandamus to compel Norton to provide access to the requested records.

**{¶ 7}** On December 21, Norton, through Brenda L. Blanks, the executive assistant to the East Cleveland law director, provided copies of some of the requested records to Strothers. On that same day, Strothers submitted a written request for records pertaining to the city's traffic cameras, including the revenue generated by each of them.

**{¶ 8}** On January 13, 18, and 25, Norton provided Strothers with access to the remaining records listed in his initial request. Some of these records were sent to Strothers by certified mail, but they were returned because Strothers did not sign for them. In a subsequent telephone conversation, Strothers advised Blanks that he never requested that she send him copies of the records and that he wanted instead to come to the office to review the records and scan the ones he wanted into his personal computer. Blanks told Strothers that he could make an appointment during regular business hours to review the records, but Strothers did not make an appointment to do so.

**{¶ 9}** After Norton filed a response to Strothers's mandamus petition and Strothers filed a motion for summary judgment, the court of appeals ordered the parties to file an inventory listing the records that had been requested and those that had been made available. Attached to Norton's inventory was the uncontroverted affidavit of Blanks specifying that all of the requested records had been made available to Strothers.

**{¶ 10}** The court of appeals denied the writ of mandamus, but awarded Strothers $1,000 in statutory damages.

**{¶ 11}** This cause is now before the court upon Strothers's appeal and Norton's cross-appeal.

**Analysis**

Appeal

{¶ 12} In his appeal, Strothers asserts that the court of appeals erred in denying the requested writ of mandamus. Strothers claims that the court of appeals committed error by ruling that 45 days was a reasonable amount of time for the mayor to take to make records available and that a request for public records must be made by affidavit. But the court of appeals did not so hold.

{¶ 13} Instead, the court of appeals correctly held that Norton's evidence, which included the uncontroverted affidavit of Blanks and attached exhibits, established that Strothers had been given access to all of the requested records, which rendered his mandamus claim moot. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22, quoting *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14 (" 'In general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot' "). Strothers did not submit the requisite clear and convincing proof to the contrary. *See State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus ("Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence").

{¶ 14} Nor did the court of appeals abuse its discretion in refusing to consider Strothers's claim for records concerning the city's traffic camera. Strothers claims that the court refused to consider that claim because his request was not made in an affidavit. Actually, the court held that it would not consider that claim because Strothers had not included it in his mandamus petition. "R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action." *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 390, 715 N.E.2d 179 (1999). Strothers did not submit his request for the traffic-camera records before he filed his mandamus petition, and he did not thereafter seek leave to amend his

petition to include the claim. In fact, even in this appeal, Strothers attempts to include a claim related to yet another request for public records. Yet this request, which did not precede the filing of his mandamus petition, was likewise not included in his petition or in a motion to amend it. This claim was not even raised in the court of appeals. *State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018, ¶ 9 (appellant in mandamus case waived claim that she had failed to raise in the court of appeals).

{¶ 15} Therefore, we affirm the judgment of the court of appeals denying the writ of mandamus.

## Cross-Appeal

{¶ 16} In his cross-appeal, Norton asserts that the court of appeals erred in awarding Strothers $1,000 in statutory damages. Norton first claims that Strothers lacked standing to institute his mandamus action and receive an award of statutory damages because he is not an aggrieved party for purposes of R.C. 149.43(C) since his request for public records was "merely a pretext to obtain statutory damages."

{¶ 17} R.C. 149.43(C)(1) provides:

> If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and

reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section.

{¶ 18} Norton waived this claim because he did not raise it in the court of appeals. *See State ex rel. Hawthorn v. Russell*, 107 Ohio St.3d 269, 2005-Ohio-6431, 838 N.E.2d 666, ¶ 8 (appellants waived legal-capacity issue by failing to raise objection in the court of appeals).

{¶ 19} Moreover, as we recently emphasized in *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, at ¶ 21:

The broad language used in R.C. 149.43 manifests the General Assembly's intent to jealously protect the right of the people to access public records. We are acutely aware of the importance of the right provided by the act and the vulnerability of that right when the records are in the hands of public officials who are reluctant to release them. For this reason, we stress that *public offices are obligated to honor public-record requests regardless of the requester's reasons for or objectives in requesting the records.* Allowing the genuineness of a person's request to be within the purview of the public office would invite recalcitrance and would not promote the purpose of the act.

(Emphasis added.)

{¶ 20} Therefore, Strothers's possible motive in requesting the public records did not divest him of standing to sue under R.C. 149.43(C)(1).

{¶ 21} Nevertheless, we hold that Norton's claim that the court of appeals abused its discretion in granting statutory damages to Strothers has merit. An

award of statutory damages under R.C. 149.43(C)(1) is premised on a violation of R.C. 149.43(B). Under R.C. 149.43(B)(1), two primary means are specified for providing access to public records: "(1) making the records 'available for inspection to any person at all reasonable times during regular business hours' and (2) making 'copies of the requested public record[s] available at cost and within a reasonable period of time.' " *State ex rel. Patton v. Rhodes*, 129 Ohio St.3d 182, 2011-Ohio-3093, 950 N.E.2d 965, ¶ 15, quoting R.C. 149.43(B)(1). Whether a public office or a person responsible for public records can be deemed to have complied with these duties is dependent upon the facts and circumstances involved. *See State ex rel. Wadd v. Cleveland*, 81 Ohio St.3d 50, 53, 689 N.E.2d 25 (1998).

{¶ 22} The pertinent facts here include the following: (1) Strothers filed a December 2010 request for myriad records relating to the East Cleveland jail, (2) Strothers admitted that his request constituted a "large request for documents," (3) Strothers filed his mandamus action a mere week after Norton received his request, (4) Strothers requested other records during the period in which Norton was attempting to respond to his first request, (5) Norton provided access to all of the records related to the initial request by January 25, 2011, and (6) Strothers declined to accept delivery of some of the requested records and failed to contact the city to set an appropriate time to review the records.

{¶ 23} Under these circumstances, we agree with the judge of the court of appeals who dissented from the statutory-damages portion of the judgment: Norton produced the records within a reasonable period of time. 2011-Ohio-3694, 2011 WL 3211177, at ¶ 22-25 (Stewart, J., concurring in part and dissenting in part).

{¶ 24} Therefore, we reverse that portion of the judgment granting $1,000 in statutory damages to Strothers.

**Conclusion**

**{¶ 25}** Based on the foregoing, we affirm the portion of the judgment of the court of appeals denying the writ of mandamus and reverse the portion awarding statutory damages.

Judgment affirmed in part

and reversed in part.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Gerald O. Strothers Jr., pro se.

Ronald K. Riley, East Cleveland Director of Law, for appellee and cross-appellant.

_____