[Cite as *Dillingham v. Butler Cty. Prosecutor's Office*, 2018-Ohio-3654.]

| | |
|---|---|
| CHARLES S. DILLINGHAM | Case No. 2018-01034PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| BUTLER COUNTY PROSECUTOR'S OFFICE | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

{¶2} On July 2, 2018, requester Charles Dillingham filed a complaint alleging 1) failure of the Butler County Prosecutor's Office to adhere to a court order, and 2) denial of access to public records in violation of R.C. 149.43(B). Attached to the complaint was an entry of referral for investigation (Complaint, Exh. A) and a public records request naming the Prosecutor's Office. The request seeks:

> Copy of all preliminary investigation, including investigator files, all newspaper articles, press release, and subpoenas and any and all related undisclosed evidence not admitted into the discovery package, which includes investigation into perjury charges against Officer Shawn Fryman (H.P.D.)

(*Id.*, Exh. B.) On July 30, 2018, respondent filed a motion to dismiss (Response) on the grounds that 1) respondent had no record of having received Dillingham's public records request, and 2) respondent had no obligation to respond to the request from Dillingham, as an inmate, for records of any criminal investigation. Respondent attached copies of Dillingham's Judgment of Conviction Entry (Response, Exh. B) and of the docket in the criminal case from which Dillingham's current incarceration arose. (*Id.*, Exh. C.)[1]

**Motion to Dismiss**

{¶3} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

{¶4} As analyzed in more detail below, Dillingham's complaint and attachments support the reasonable inference that Dillingham was incarcerated pursuant to a criminal conviction at the time he allegedly made his public records request, and at the time he filed his complaint. *See State ex rel. Crabtree v. Franklin County Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997), fn. 1 (material "incorporated in a

---

[1] In addition to the pleadings filed by the parties, the court received letters from Mr. Dillingham on July 26, 2018 and August 20, 2018. These documents bore no caption, Civ. R. 10(A), and were not accompanied by proof of service on respondent. Civ.R. 5(B)(4). The contents of the letters are primarily requests that the special master assist Dillingham in exoneration of his conviction, and prosecution of Officer Fryman, and have no bearing on alleged violation of R.C. 149.43(B). Pursuant to R.C. 2743.75(E)(2) (no additional pleadings to be filed unless approved in writing by the special master) and Civ.R. 5(B)(4), these letters have been marked "received" on the court's docket, but are not accepted for filing.

complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.") Further, the complaint and attachments do not reference a finding from Dillingham's sentencing judge that information in the requested records is necessary to support what appears to be a justiciable claim of Dillingham. Respondent's allegation that Dillingham cannot state a claim for which relief may be granted due to his failure to plead compliance with the mandatory procedures in R.C. 149.43(B)(8) thus has substantial merit. However, as the matter is now fully briefed and the record contains additional evidence regarding the elements of R.C. 149.43(B)(8), I find that this basis for dismissal is subsumed in the argument to deny the claim on the merits. I therefore recommend that the motion to dismiss the claim for access to records on the basis of R.C. 149.43(B)(8) be denied, and the defense be determined on the merits.

{¶5} In addition to his claim for public records access, Dillingham seeks enforcement of a Butler County Court of Common Pleas "court order" pursuant to "O.R.C. 2930.03, 2930.04, 2930.05, & 2930.06." (Complaint at 1.) First, Dillingham does not identify the court order he seeks to enforce. Attached to the complaint is a court entry (Exh. A), but it merely refers a matter for investigation, and is not "an order to keep [Dillingham] notified of [the] investigation." (Complaint at 1.) Second, under R.C. 149.43(C)(1)(a) and R.C. 2743.75, the Ohio Court of Claims has jurisdiction over claims filed by a person aggrieved by the failure of a public office to comply with R.C. 149.43(B). R.C. 2743.75 grants no collateral authority for this court to enforce the orders of other courts in separate matters. Third, R.C. 2743.75 grants no authority for this court to adjudicate non-public records actions against Ohio governmental subdivisions. Other than as provided in R.C. 2743.75, the Ohio Court of Claims has jurisdiction only over certain civil actions against the State of Ohio. *See* R.C. 2743.03(A). I therefore recommend that Dillingham's claims regarding enforcement of any right under R.C. Chapter 2930 against the Butler County Prosecutor's Office be

dismissed for lack of personal and subject matter jurisdiction, and failure to state a claim for which relief may be granted. Civ.R. 12(B)(1), (2) and (6).

**Inmate Request for Records of Investigation or Prosecution**

{¶6} The evidence before the court shows that Dillingham is a person incarcerated pursuant to a criminal conviction. Dillingham listed his address in the complaint as 1001 Olivesburg Rd., Mansfield, Ohio. The poverty statement attached to the complaint is supported by a Cashier's Statement from the Richland Correctional Institution, 1001 Olivesburg Rd., P.O Box 8107, Mansfield, Ohio, and further identifies Dillingham as Inmate Number 647-315. (Poverty Statement and attachments.) Butler County Assistant Prosecuting Attorney Dan Ferguson attests that Dillingham remains an Ohio prison inmate. (Ferguson Aff. at ¶ 2.) The Prosecutor's Office submitted authenticated copies of Dillingham's sentencing entry and criminal case docket. (Response, Exh. B, C.) I find that Dillingham has been a person incarcerated pursuant to a criminal conviction at all times relevant to this action.

{¶7} As an incarcerated person, Dillingham is subject to the requirements and procedures in R.C. 149.43(B)(8) in making any public records request concerning a criminal investigation or prosecution:

> (8) A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * *, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section *and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.*

(Emphasis added.) If an inmate requesting public records concerning a criminal investigation or prosecution does not follow the requirements in R.C. 149.43(B)(8), any action to enforce his request will be dismissed. *State ex rel. Russell v. Thornton*, 111

Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9-17 (under prior codification as R.C. 149.43(B)(4)); *Hall v. State*, 11th Dist. Trumbull No. 2008-T-0073, 2009-Ohio-404.

{¶8} Dillingham seeks investigatory or prosecution records related to two criminal matters. First, records from his own criminal case, CR2010-10-1742, and second, records of "investigation into perjury charges against Officer Shawn Fryman" in Butler County Common Pleas Case No. IR2018-01-0003 (Complaint, Exh. B.). Dillingham's Exhibit A demonstrates that the second matter was referred pursuant to R.C. 2935.10 *Filing of affidavit or complaint procedure*, which initiates a criminal investigation. Both parts of Dillingham's request are thus for "records concerning a criminal investigation or prosecution."

{¶9} Dillingham's request did not include or allege the existence of the required finding of necessity by the sentencing judge. A review of the docket of Dillingham's criminal case (Response, Exh. C) does not reflect any filing requesting such a finding. I find that Dillingham failed to follow the mandatory procedures set out in R.C. 149.43(B)(8) for an inmate request for records concerning a criminal investigation or prosecution. It thus appears beyond doubt that Dillingham can prove no set of facts entitling him to an order to produce the requested records, and he therefore fails to state a claim for which relief may be granted. Civ.R. 12(B)(6).

### Failure to Show Delivery of Public Records Request

Separately, respondent attests that

> After a diligent search and enquiries within the office of the Butler County Prosecuting Attorney, it appears that the Petitioner's alleged public records request was never sent to or obtained by the office of the Butler County Prosecuting Attorney.

(Response, Ferguson Aff. at ¶ 1.) Dillingham provides no affirmative evidence to the contrary. Neither the complaint nor the request lists the email address to which the request was allegedly sent. The complaint does not allege a date or time of sending, receipt of confirmation, copy of written response, or any other indicia of delivery

of the request. After respondent filed its response, the court issued an order on August 1, 2018, providing Dillingham the opportunity to respond to the defenses asserted. However, Dillingham has made no further filing containing evidence of delivery of his request.

{¶10} A claim that a public office has failed to comply with R.C. 149.43(B) is not ripe until a specific request has been made and denied. *Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Cordray*, 181 Ohio App.3d 661, 664, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5. I find that Dillingham has not shown by clear and convincing evidence that he actually delivered his public records request to respondent, and has thus not triggered any obligation for response.

{¶11} Based on the above, I recommend that the court DISMISS the claim of "failure to adhere to court order." I further recommend that the court DENY the claim for production of records under R.C. 149.43.

{¶12} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed August 22, 2018**
**Sent to S.C. Reporter 9/10/18**