[Cite as *Ware v. Mansfield Corr. Inst.*, 2018-Ohio-5446.]

| | |
|---|---|
| KIMANI E. WARE | Case No. 2018-01386PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| MANSFIELD CORRECTIONAL INSTITUTION | |
| Respondent | |

{¶1} On July 18, 2018, requester Kimani Ware filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Ware alleges that he sent letters to the Warden's Assistant Office of respondent Mansfield Correctional Institution (ManCI) on April 30, 2018, and again on June 18, 2018, requesting the following records:

> A copy of M.C.I. (Mansfield) Library Schedule
> A copy of M.C.I. (Mansfield) Religious Services Scheduling Calendar
> A copy of M.C.I. (Mansfield) Library Advisory Committee Forms from January 1st, 2015 through January 1st, 2018
> A copy of M.C.I. (Mansfield) Monthly Library Reports from December 5th, 2017 through January 5th, 2018
> A copy of M.C.I. (Mansfield) Library Procedure Manual/Operating Manual

(Complaint at 4-5.) Ware asserts that he did not receive the requested records, did not receive a written response from ManCI, and did not receive an explanation for denial of the requests. Ware seeks an order compelling ManCI to produce certification of its compliance with training in public records law pursuant to R.C. 149.43(E)(1), and for production of the requested records. Ware declined the court's mediation services in this action.

{¶2} On December 7, 2018, ManCI filed a motion to dismiss or in the alternative, motion for summary judgment (Response). As grounds, ManCI asserts that Ware did

not provide affirmative evidence that he had actually mailed the alleged requests, and that ManCI rendered the claims moot after the filing of the complaint by providing copies of all requested records.

{¶3} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.,* 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

### Motion to Dismiss

{¶4} In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶5} Ware attested by affidavit that he "mailed a public records request on April 30th, 2018 to the Warden's Assistant at Mansfield Correctional Institution." (Complaint at 3.) The request letter of that date bears the correct street address for ManCI. (*Id.* at 4.) There is no requirement in R.C. 149.43 that a requester deliver a request using certified mail, or even that the request be made in writing. R.C. 149.43(B)(5). I find that the complaint sufficiently alleges that Ware's public records request was made as

described, and I recommend that the court deny ManCI's motion to dismiss on this ground.

{¶6} ManCI's production of the requested records is not demonstrated on the face of the complaint, which otherwise sufficiently alleges failure of ManCI to respond to the requests. I recommend that the motion to dismiss on this ground be denied as well, and that the case be decided on the merits.

**Demand for Proof of Training**

{¶7} In his prayer for relief, Ware requests "an order compelling the respondent to produce a certified copy of its credentials that respondent complied with the educational training in accordance with division (E)(1) of section 149.43 of the revised code and division (B) of section 109.43 of the revised code." (Complaint at 2.) Ware listed no record corresponding to this description when he made the public records requests on which this action is based.

{¶8} A claim that a public office has failed to comply with R.C. 149.43(B) is not ripe until a specific request has been made and denied. *Strothers v. Norton,* 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Cordray*, 181 Ohio App.3d 661, 664, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5. I find that Ware has not shown that he first made a public records request for this record, and has thus not triggered any obligation for response by ManCI. Ware alleges no other authority that would entitle him to production of the requested "credentials" in this action. Even had such a request been made, I note that neither the warden's assistant or any other employee of ManCI is an "elected official" as defined in R.C. 109.43(A)(2), and "respondent" therefore had no duty to comply with R.C. 109.43(B).

{¶9} I recommend the court deny this portion of the claim.

**Failure of Timely Production and Suggestion of Mootness**

{¶10} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for

production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. ManCI asserts that subsequent to the filing of the complaint it provided Ware with all requested records. ManCI supports this assertion with a cover letter to Ware dated November 5, 2018, and a page from the Trumbull Correctional Institution (TCI) legal mail log showing receipt by Ware of correspondence from ManCI on November 13, 2018, both purportedly initialed by Ware. (Response, Exh. A at p. 2-3.) The cover letter bears a correct street address for Ware's current location at TCI. Notably, and contrary to the implication in ManCI's motion to dismiss that the request had never been mailed, ManCI staff state in this correspondence that Ware's April 30, 2018 request was "received on May 4, 2018." (Response, Exh A at p. 2.) The cover letter invites Ware to "please find the following documents as a complete response to your request:" followed by a list of records identical to the request wording of the April 30, 2018 letter. ManCI further provides a copy of a U.S. Postal Service domestic return receipt dated November 13, 2018 showing acceptance by TCI, on Ware's behalf, of correspondence from ManCI. (*Id.*, Exh. A at p. 1.) ManCI did not provide the court with copies of the records purportedly enclosed with the cover letter.

{¶11} I find that the evidence of a six-month delay between the public records request and production of the records, with no assertion that the records required legal review or redaction based on any exception, demonstrates that respondent failed to make the records available to requester within a reasonable period of time. R.C. 149.43(B)(1). I further find that ManCI has rendered the claim for production moot by providing Ware with all requested records prior to the submission of this report and recommendation.

### Conclusion

{¶12} Upon consideration of the pleadings and attachments, I recommend that the court find that respondent failed to timely respond to the public records request, but that the request is now moot. I recommend that court costs be assessed to respondent.

{¶13} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFFERY W. CLARK
Special Master

**Filed December 20, 2018**
**Sent to S.C. Reporter 1/11/19**