[Cite as *Parks v. McClain*, 2021-Ohio-3129.]

| | |
|---|---|
| MICHAEL R. PARKS | Case No. 2021-00169PQ |
| Requester | Special Master Jeff Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| JEFF MCCLAIN, TAX COMMISSIONER OF OHIO | |
| Respondent | |

{¶1} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the Court of Claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20.

{¶2} On August 24, 2020 requester Michael Parks made a request to the Ohio Department of Taxation (ODT), for "exact copies of all documents related to and determining the lien filed," referencing a Case No. 2020SL0542 and Transient Sales Account Number 94026243. (Complaint, Exh. A, A1, A2.) On September 16, 2020, ODT responded that

> Upon review of this Transient Vendor's License, there were three assessments forwarded to the Ohio Attorney General's Office for collection related to missing Sales Tax (UST-1) returns; April - June 2018, July - December 2018, and January - June 2019.

> All three returns have been since filed reducing the tax liability to $0 in all three cases. A $67.50 late filing penalty was applied to each return with the AGO and the AGO likely has other fees that were assessed. The AGO would have any remaining actions associated with any lien that they placed.

> Tax liens are placed by the Ohio Attorney General's Office (AGO). Please contact the AGO for additional information regarding this lien at 1-888-

301-8885 or visit their Website for information at https://www.ohioattorneygeneral.gov/About-AG/Contact.

(*Id.*, Exh. B.)

{¶3} On March 30, 2021, Parks filed a complaint against respondent Jeff McClain, Tax Commissioner of Ohio, under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). The case was referred to mediation. On May 28, 2021, the court was notified that mediation had failed to resolve the case. On June 8, 2021, ODT filed its response to the complaint. On June 23, 2021, Parks filed a reply.

**Burden of Proof**

{¶4} The Public Records Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 7. A requester must establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). At the outset, a requester bears the burden to show he requested identifiable public records from a public office pursuant to R.C. 149.43(B)(1), and that the request was denied. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, Slip Opinion No. 2020-Ohio-5371, ¶ 33.

**Suggestion of Mootness**

{¶5} In an action to enforce R.C. 149.43(B), a public office may produce requested records prior to the court's decision and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 22. First, the only specific lien records identified in the complaint are "three assessments forwarded to the Ohio Attorney General's Office for collection." (Complaint at 2.) Parks asserts that he has received none of the records requested (Complaint at 2; Reply at 3.) However, Parks demonstrated earlier receipt of the three assessments by attaching them to his complaint as Exhibits E-E1, H1-H2, H4-H6. *See*

*also* Complaint Exhibit I advising ODT that "I have received assessments totally [sic] over $20,000.00." Parks later identified the tax commissioner's "final determination" as another specific record he had not received. (Reply at 4.) However, Parks demonstrated receipt of this document by attaching it to his complaint as Exhibit G-G1. A relator's claims are moot insofar as they request access to records which he already possessed at the time he files a public records action. *State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 381-382, 700 N.E.2d 12 (1988) (relator already possessed requested correspondence and filings from separate litigation to which he was party).[1] The special master concludes that Parks previously "received" any of the requested records that were sent to him earlier in the normal course of ODT operations. To the extent the August 24, 2020 request is for copies of these same records, the special master finds that the request is moot.

{¶6} Beyond the above records previously sent to Parks, ODT responded to the request by searching for, compiling, and delivering to Parks additional records from its database. (Reply, Exh. E.) ODT states that although it believes these records would be exempt from public records release, it treated Park's request as allowable administrative disclosure to a taxpayer of his own tax records in the course of challenging ODT assessments.[2] (Response at 1-2) ODT's response to Parks' August 24, 2020 email does contain the incongruous subject line "Public Records Request (KMM3339024V58479L0KM)." However, mootness in this instance turns on *whether* the records were provided, not *how* they were provided. The special master finds the claim for production is also moot as to the records contained in Parks' Exhibit E to his reply.

---

[1] This is not to say that a public office cannot provide multiple copies, only that it may decline to do so. If a first set of copies is lost, or a requester is confused as to their rights, voluntary provision of additional copies can equitably advance the purposes of the Act while reducing the chance of litigation.

[2] At the time, Parks' vendor account was subject to penalties for late filing of tax returns and any additional fees from the Attorney General's Office in collecting same. Consistent with his status as a taxpayer challenging assessments, Parks directed his records request to "*FileanAppeal* @tax.state.oh.us.*" (Complaint, Exh. A, A1, A2; Response at 1-2.)

**Records that are not in ODT's Keeping or that do not Exist**

A "record" is defined for purposes of the Public Records Act as

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

R.C. 149.011(G). A document must be one "created or received by or coming under the jurisdiction of any public office" to meet this definition and must therefore exist before it can be the subject of a "records" request. A public office has no duty to provide records that never came into existence. *State ex rel. Alford v. Toledo Corr. Inst.*, 157 Ohio St.3d 525, 2019-Ohio-3847, 138 N.E.3d 1133, ¶ 5; *State ex rel. Cordell v. Paden,* 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179 at ¶ 8-10. Nor is a public office obliged to produce records that were created but properly disposed of prior to the request. *State ex rel. Toledo Blade Co. v. Seneca Cty Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 23, 29 (in cases in which public records are properly disposed of in accordance with a duly adopted records-retention policy, there is no entitlement to those records under the Public Records Act). When a public office attests that requested records do not exist, the requester must show by clear and convincing evidence that records do exist and are maintained by the office. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9. Finally, a public office has no duty to produce records later created by another office merely because they relate to records provided by the first public office.

In response to the request for lien documents, ODT advised Parks that

> The AGO would have any remaining actions associated with any lien that they placed. Tax liens are placed by the Ohio Attorney General's Office (AGO). Please contact the AGO for additional information regarding this lien at 1-888-301-8885 or visit their Website for information at https://www.ohioattorneygeneral.gov/About-AG/Contact.

(Complaint, Exh. B.) Parks does not assert that ODT possessed and maintained copies of any records later generated by the Attorney General's Office in connection with the lien. Implicitly conceding this issue, Parks asks the Court to order the Ohio Attorney General's Collections Enforcement Section, Michael H. Igoe & Associates LLC, and the "IT Department for the State of Ohio to produce copies of original documents, in their possession at the time of this filing, that directly or indirectly reference to the above describe [sic] case." (Complaint at 5-6.) There is no evidence that Parks made public records requests to any of these entities, and none are named as parties to this action. The complaint therefore fails to state a claim against any agency other than ODT, and is limited to records *kept by* ODT within the meaning of R.C. 149.43(A)(1).

{¶7} ODT asserts that a Tax Program Assistant Administrator for the ODT Compliance Division "made a thorough search of the records kept by the Ohio Department of Taxation in the regular course of business for any and all records relating to and determining the lien at issue in this case and all such records have been provided to Mr. Michael R. Parks."[3] (Response at 1, 4; Steenburgh-Menzo Aff.) This is some evidence that no further records of the lien are kept by ODT.

{¶8} In general, a requester's mere belief in the existence of records does not constitute the clear and convincing evidence necessary to overcome a public office's sworn testimony that responsive documents do not exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Morabito v. Cleveland*, 8th Dist. Cuyahoga No. 98829, 2012-Ohio-6012, ¶ 13. Parks offers no evidence that records other than those he already possesses exist in ODT's keeping. ODT's sworn testimony of the non-existence of additional responsive records thus stands unopposed.

---

[3] The affidavit attests only that the records had been provided to Parks at some time, not that they were provided in response to his public records request.

{¶9} Based on the evidence before the court, the special master finds Parks has not proven by clear and convincing evidence that any additional records responsive to his request existed in the keeping of ODT at the time the request was made.

**Exception Asserted**

{¶10} ODT asserts that even if it possessed additional records responsive to Park's request, they would constitute confidential taxpayer information the release of which is prohibited by R.C. 5703.21. (Response at 2-4.) However, because the claim for production is conclusively resolved by mootness and the non-existence of any additional records, the special master finds it unnecessary to address this exception.

**Non-Public Records Remedies Are Unavailable**

{¶11} Parks' complaint asks this court to remove a lien filed against him "and order the Department of Taxation, and any other arm of the State to take no retaliatory actions against Parks for using this Court as a remedy for exposing outrageous actions taken by Taxation against Parks" (Complaint at 4). In another apparent prayer for relief he asks the court to "consider that Parks filed the proper Sales and Use Tax Blanket Exemption Certificate and the Application for Transient Vendor's License (SSN changed to zeros)." (Id. at 5.) The court lacks jurisdiction to provide these remedies through the special statutory proceeding, R.C. 2743.75, under which this action was filed.

**New Records Request Made During Litigation is Unenforceable**

{¶12} Parks newly asserts in his reply:

> One of the public records that Parks seeks is how his request was handled. Who read it? Who decided to reply to Parks? Taxation has to have a process to track incoming and outgoing emails' authors. A record of who reads the emails and who replies. There should be a record of who has logged in to Parks' records and/or his emails. This would be a record that Parks expects.

(Reply at 2.) However, Parks points to no prior request made for records regarding ODT's handling of his August 24, 2020 public records request, and his complaint does not seek production of such records. A requester may only seek relief under R.C.

149.43(C) based on a specific request having been made and denied prior to the complaint. *See Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14; *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504, ¶ 5 (10th Dist.). Parks may of course make future requests for records from ODT or other public offices.

**Conclusion**

{¶13} Upon consideration of the pleadings and attachments, the special master recommends the court issue an order that denies requester's claim for production of records as moot, and find that respondent has violated no obligation under R.C. 149.43(B). It is recommended that court costs be assessed to requester.

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

JEFF CLARK
Special Master

**Filed July 22, 2021**
**Sent to S.C. Reporter 9/10/21**