[Cite as *Jackson v. Cuyahoga Cty. Job & Family Services*, 2024-Ohio-4785.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| WHITNIE JACKSON | Case No. 2024-00439PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| CUYAHOGA COUNTY JFS/OHIO DEPARTMENT OF JFS | |
| Respondent | |

{¶1} In this public-records case, Requester Whitnie Jackson objects to the Special Master's Report and Recommendation filed on July 11, 2024. The Court overrules Requester's written Objections for reasons that follow.

### I. Background

{¶2} Requester Whitnie Jackson's complaint involves her written and oral requests to Respondent Cuyahoga Job and Family Services ("CJFS") for a copy of her public benefits and child support case files. Requester emailed her original public records request to Respondent on March 7, 2024. Respondent responded to her email and provided Requester with a link to the online Cuyahoga County Health and Human Services public records request portal to complete her public records request. Requester made her public records request through the portal on March 16, 2024, where she requested:

entire case file for JFS case :entire case file [] as well as a copy of every complaint filed.

entire case file for child support services : entire case file for every case in this office associated with my social, as well as complaints and narratives present for preparation in state hearing.

In her request, Requester noted she needed the records as soon as possible due to a hearing on March 25, 2024.

{¶3} On March 19, 2024, and April 1, 2024, Respondent emailed Requester documents pursuant to the March 16, 2024 public records request. Requester emailed back on April 1, 2024, saying the emailed documents were not the documents she requested.

{¶4} Requester emailed Respondent on May 7, 2024, notifying it of her change of address and asking about her public records request. Of important note to this public-records proceeding, Requester specified the record that she was seeking from Respondent in her May 7, 2024 email. She stated she had still had not received records "concerning the child support document sent to me June 1, 2023 concern discontinuation of TANF and the effects it had on the establishment of paternity with child support." On May 14, 2024, Respondent emailed Requester that it had checked with the Office of Child Support Services and there was no document on file from June 1, 2023. Respondent further informed Requester that it did not have a notice dated June 1, 2023. Later in the proceedings, it was determined that the June 1, 2023 document Requester was seeking from Respondent was a "Case Continuation Notice." (*Requester's Sworn Affidavit*, filed June 25, 2024, Document 3.)

{¶5} On May 16, 2024, Requester filed a public-records complaint pursuant to R.C. 27843.75(D). In her complaint, Requester named the public office as, "Cuyahoga County JFS/ Ohio Department of JFS." The Clerk appointed a Special Master who did not refer the case to mediation because the Special Master "[found] that bypassing mediation would result in the most expeditious and economical procedure for resolving this case within the meaning of R.C. 2743.75(A)." The Special Master explained his finding that mediation was not warranted as follows: "That finding is based on the length of time that Requester's public records request has been pending, the additional time that mediation would likely take, and the likelihood that the issues presented can likely be quickly resolved on the merits." (*Order Terminating Mediation*, May 21, 2024.)

{¶6} On June 14, 2024, Respondent moved to dismiss Requester's complaint and Requester filed a response. The Special Master determined that both parties relied on evidence not in the record to support their positions and on June 17, 2024, he ordered

the parties to submit additional information or documentation supported by affidavits pursuant to R.C. 2743.75(E)(3)(c). On June 25, 2024, Requester filed an unsigned sworn statement, which included Respondent's emails to Requester sent on June 25, 2024. According to Respondent's June 25, 2024 email, Respondent obtained copies of the Case Continuation Notices from the State Office of Child Support and provided the notices to Requester. Respondent filed its Supplemental Production on June 27, 2024. Requester filed her Supplemental Production on July 9, 2024.

{¶7} On July 11, 2024, the Special Master issued a Report and Recommendation ("R & R") in which the Special Master concludes that the Ohio Department of Job and Family Services ("ODJFS") is not a proper respondent in this case, that Requester's production claim is moot, that Requester's delay claim fails for want of proof, that Respondent Cuyahoga County JFS satisfied R.C. 149.43(B), and that this Court cannot provide the other relief that Requester seeks. The Report and Recommendation does not contain an express recommendation concerning Respondent's Motion to Dismiss. The Special Master recommends, however, that judgment be entered for Respondent and that the Court absorb the costs of this case because Requester has submitted an affidavit establishing that she has no income aside from public assistance and that she has no liquid assets.

{¶8} On July 11, 2024, Requester filed (1) written objections to the Report and Recommendation and (2) a Certificate of Service in which Requester certifies that copies of her written objections were served by means of the Court's Electronic Filing System and that all parties would be served by email.[1] On August 27, 2024, Respondent was served by certified mail with Requester's written objections to the Report and Recommendation. Respondent did not file a response to the objections by September 6, 2024, pursuant to the guidelines of R.C. 2743.75(F)(2).

---

[1] A party's service of objections by the Court's electronic filing system or email does not satisfy service requirements contained in R.C. 2743.75(F)(2). Under R.C. 2743.75(F)(2) either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and *sending a copy to the other party by certified mail, return receipt requested.*" (Emphasis added.)

**II. Law and Analysis**

{¶9} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 2021-Ohio-4210, ¶ 16 (8th Dist.), citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, ¶ 27-30 (5th Dist.). *See Welsh-Huggins* at ¶ 32. Clear and convincing evidence "is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8.

{¶10} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley* the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶11} Under R.C. 2743.75(F)(2) any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." In Requester's Objections, Requester presents five objections that challenge the Special Master's findings and recommendations in five respects: (1) whether ODJFS is not a proper respondent, (2) whether Requester's production claim is moot, (3) whether Requester's

delay claim fails for lack of proof, (4) whether Respondent CJFS satisfied a requirement to explain its failure to produce certain documents, and (5) whether Respondent CJFS's actions have broader implications relative to transparency, accountability, and access to justice.

**A. First Objection – Whether the Ohio Department of Job and Family Services is not a proper respondent in this case.**

{¶12} In her complaint, Requester named "Cuyahoga County JFS/Ohio Department of JFS" as co-respondents. The Special Master determined Requester failed to meet her burden to demonstrate that she made a public records request from the office she sued because there was no evidence in the record to demonstrate she made records requests from the ODJFS. (R & R, 3.) The Special Master concluded,

> And because county jobs and family services agencies are not subparts ODJFS but are separate entities, compare R.C. Chapter 329 and R.C. Chapter 5101, [Requester's] requests to CJFS are not sufficient to bring ODJFS into this case.

(R & R, 3.)

{¶13} Requester objects to the Special Master's conclusion, arguing, "[T]he intertwined operations and oversight responsibilities of ODJFS over county agencies, including CJFS, suggest that requests made to CJFS inherently involve ODJFS. This is especially true in matters where state-level systems, such as the 'support enforcement tracking system,' are implicated. This relationship and the systemic nature of the records requested necessitate reconsideration of ODJFS's role and responsibility in this case." (*Objections*, ¶ 1.) Requester also states in her objections that she made several phone calls to both ODJFS and Respondent CJFS.

{¶14} Under Ohio law, the ODJFS is an administrative department that is administered by the Director of Job and Family Services. R.C. 121.02(H). By contrast, as used in the Ohio Revised Code, a "county department of job and family services" "means the county department of job and family services established under [R.C. 329.01], including an entity designated a county department of job and family services under [R.C. 307.981], or a joint county department of job and family services established under

[R.C. 329.40]." R.C. 329.01(A). Thus, as a matter of statutory law, ODJFS is a distinct entity from a county department of job and family services, such as the CJFS.

{¶15} For a party to be aggrieved by the failure of a public office to promptly respond to a public-records request, a party is required to request records from the public office. In *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 20, the Supreme Court of Ohio explained:

> R.C. 149.43(C)(1) allows suit only by "a person allegedly . . . aggrieved" by the failure of a public office "to promptly prepare a public record and to make it available*." It is axiomatic that in order to be a person aggrieved by the failure of a public office to promptly respond to a public-records request, one must first request records from the public office*. See McCaffrey* at ¶ 20, citing *State ex rel. Taxpayers Coalition v. Lakewood*, 86 Ohio St.3d 385, 390, 1999 Ohio 114, 715 N.E.2d 179 (1999) ("R.C. 149.43(C) requires a prior request as a prerequisite to a mandamus action") and *Strothers v. Norton*, 131 Ohio St.3d 359, 2012-Ohio-1007, 965 N.E.2d 282, ¶ 14.

(Emphasis added.) *State ex rel. Cincinnati Enquirer v. Deters*, 2016-Ohio-8195, ¶ 20. Here, absent a request to ODJFS for records, ODJFS is not a proper respondent in this case. The Court has reviewed the evidence before the Special Master and finds Requester failed to establish by clear and convincing evidence that she verbally contacted the ODJFS to request the public records at issue. Requester presented emails exchanged between her and Respondent CJFS. As a matter of law and fact, the Court finds unpersuasive Requester's suggestion that "requests made to CJFS inherently involve ODJFS."

{¶16} Requester's first objection is overruled.

**B. Second and Fifth Objections - Whether Requester's production claim is moot. Whether Respondent CJFS's actions have broader implications relative to transparency, accountability, and access to justice.**

{¶17} The Court considers Requester's second and fifth objections together because they are interrelated. The basis of Requester's complaint was to obtain certain

Case Continuation Notices.  During the pendency of these proceedings, CJFS obtained copies of the Case Continuation Notices from the State Office of Child Support, an agency separate from CJFS, and provided the notices to Requester.  The Special Master found that based on the evidence provided by Respondent, Requester's claim was rendered moot:

> Requester's evidence establishes that CJFS has provided copies of the Case Continuation Notices she sought.  *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher sent at 4:10 PM, June 25, 2024, email from Ms. Jackson sent at 6:18 PM.  Her claim for production of those Notices, the only records she seeks through this case, is therefore moot.

(R & R, 3-4.)  While Requester argued that Respondent was in violation of R.C. 2743.75 for Respondent's alleged failure to produce its full files to her, the Special Master rejected her argument and found her claim was still moot:

> That is not changed by Ms. Jackson's belated assertion that CJFS did not produce its full files on her because its production did not include records before 2022 and because the original productions supposedly did not include records CJFS filed in this case.  *PQ Miscellaneous*, filed July 9, 2024, unnumbered p. 2, ¶¶ 1, 2. A party suing under R.C. 2743.75 must identify the particular violation it sues on in the complaint; other alleged violations will not be considered.  *Schutte v. Gorman Heritage Farm Found.*, 2019-Ohio-1611, ¶ 26, adopted, 2019-Ohio-1818 (Ct. of Cl.); *Schaffer v. Ohio State Univ.,* 2024-Ohio-2185, ¶¶ 58-61, adopted June 7, 2024 (Ct. of Cl.).  See also, *State ex rel. Repository v. Nova Behavioral Health, Inc.*, 2006-Ohio-6713, ¶¶ 42, 41.  Ms. Jackson's complaint did not mention these supposed lapses, but instead focused exclusively on CJFS' failure to produce the Case Continuation Notices.  Other alleged defects in CJFS' response to her requests are therefore beyond the scope of this case.

(R & R, 4.)

{¶18} Requester maintains in her objections to the Report and Recommendation that the Special Master's mootness determination "overlooks the broader issue of

incomplete record provision as precedent of non-compliance as well as disregard for the significant delay in providing denial to crucial documents. The mootness determination fails to account for the procedural and substantive rights affected by the delay and the incomplete nature of the records provided, which are central to my ability to pursue legal and administrative remedies effectively." (*Objections*, ¶ 2.)

{¶19} R.C. 2743.75(F)(1) requires a special master to submit to this Court a report and recommendation "based on the ordinary application of statutory law and case law as they existed at the time of the filing of the complaint." Under Ohio law, a complaint "is the pleading that initiates a civil action under the rules." *Ohio Patrolman's Benevolent Assn. v. City of Cleveland*, 2024-Ohio-2651, ¶ 26. *See* Civ.R. 3(A); *see also Black's Law Dictionary* (12th Ed. 2024) (defining complaint as the "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief"). Additionally, moot issues "involve no actual genuine live controversy, the decision of which can definitely affect existing legal relations." *Tassone v. Tassone*, 2021-Ohio-4063, ¶ 19 (10th Dist.), citing *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.). Stated differently, moot issues "have no practical significance, and, instead, present hypothetical or academic questions." *Tassone* at ¶ 19, citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55. As a general matter, courts "do not decide moot issues." *Tassone* at ¶ 19, citing *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602, ¶ 14 (10th Dist.).

{¶20} In addition to her argument that the Special Master erred when he found her claim was moot, Requester's objection also appears to contend the Ohio Public Records Act was detrimental to her underlying legal and administrative remedies which were the origin of her public-records request. It is the General Assembly, not this Court, that is the arbiter of public policy concerns. *See Friedenberg v. Friedenberg*, 2020-Ohio-3345, ¶ 18 ("it is not the court's role to create law based on public policy; the General Assembly is the final arbiter of public policy in Ohio"). And, with regards to Ohio public-records law, in *Kish v. City of Akron*, 2006-Ohio-1244, ¶ 44, the Supreme Court of Ohio stated:

> We reaffirm that the General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws, [*State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 21], and it is for the legislature to

"weigh [ ] and balance [ ] the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure." *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 172, 1994 Ohio 246, 637 N.E.2d 911.

**{¶21}** Upon careful consideration, the Court finds that the Special Master correctly applied Ohio law, as it existed at the time of the filing of Requester's Complaint, when he determined that Requester's claim for production of certain Case Continuation Notices was moot. The Case Continuation Notices were the only records that Requester sought through her complaint, and were in fact provided to Requester by Respondent, albeit after obtaining them from a separate public office.

**{¶22}** Requester's second and fifth Objections are overruled.

**C. Third Objection - Whether Requester's delay claim fails for lack of proof.**

**{¶23}** Requester argues in her third objection to the Report and Recommendation that the Special Master erred when he found that she failed to prove unreasonable delay by Respondent. Requester was required to establish that Respondent failed to comply with the production requirements of R.C. 149.43. The provisions of R.C. 149.43 apply to the public records kept by the public office. *State ex rel. Cincinnati Enquirer v. Cincinnati Bd. of Edn.*, 2003-Ohio-2260, ¶ 14. Based on the evidence presented, the Special Master determined that "[Requester's] delay claim fails because she has not proven a very pertinent fact: when CJFS obtained possession of the Case Continuance Notices." (R & R, 4.) The Special Master further states:

> The evidence here confirms that CJFS did not originally possess the Notices. CJFS' internal notes of a March 13, 2024, conversation with Ms. Jackson indicate it was unable to access the notices at that time. *Respondent's Supplemental Production*, p. 48. A later CJFS email to Ms. Jackson stated that the Notices "are kept and maintained by the State . . . not the county agency. As a courtesy to you, we requested copies of these notices on your behalf. The attached records are not a public record of the county, and we had no obligation to acquire and produce it." *PQ*

*Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher, p. 1.

Although CJFS eventually obtained possession of the Notices, *id.*, at which point they did become public records of CJFS and the reasonableness clock began running, the evidence does not establish *when* that occurred. That is a pertinent fact because it is essential to quantifying the time it took CJFS to produce the notices after it obtained them, and the reasonableness of that time cannot be evaluated without knowing how much time elapsed. The absence of evidence on that point means that [Requester] has failed to carry her burden of proof.

(R & R, 5-6.)

{¶24} Requester contends in her objections that the Special Master's finding "overlooks the broader issue of systemic delay and non-compliance by CJFS. The significant delay in providing the notices or denial of record, coupled with the lack of initial guidance or instruction on how to request such documents from the state, underscores a failure to comply with the Ohio Public Records Act's mandates for timely and facilitated access to records." (*Objections*, ¶ 3.) A review of Requester's objection shows that she does not contest the Special Master's factual findings as to when CJFS came into possession of the public record sought by Requester. She instead argues in the generality that Respondent was in violation of the Ohio Public Records Act for systemic delays and lack of guidance.

{¶25} The narrow issue before the Special Master was whether Respondent provided the requested public records, the Case Continuation Notices, within a reasonable period of time. The evidence before the Special Master established that CJFS did not originally possess the Case Continuation Notices at the time of Requester's public-records request. When Respondent obtained possession of the Case Continuation Notices, the records became public records of Respondent. *See State ex rel. Cincinnati Enquirer v. Cincinnati Bd. of Edn.*, 2003-Ohio-2260, ¶ 11-14. It was Requester's burden to demonstrate Respondent's response to her public-records request was unreasonably delayed. *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 12 citing *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶ 44. The Court agrees with the Special

Master's determination that Requester did not establish by clear and convincing evidence as to when Respondent kept the public records, so the Special Master was unable to make a finding as to unreasonable delay.

{¶26} Upon careful consideration, the Court concludes that the Special Master did not err by concluding that Requester's delay claim failed for lack of proof. Requester's third Objection is overruled.

### D. Fourth Objection – Whether Respondent CJFS satisfied a requirement to explain its failure to produce certain documents.

{¶27} In her fourth objection, Requester argues the Special Master erred when he found that Respondent was not required to provide her with an explanation as to why it failed to produce the Case Continuation Notices. In the Report and Recommendation, the Special Master determined that Respondent satisfied the R.C. 149.43(B)(3) requirement that a public office or custodian of public records provide an explanation for the denial of a public-records request. The Report and Recommendation states,

> Ms. Jackson argues that CJFS owed her an explanation of why it did not produce the Case Continuation Notices. *PQ Miscellaneous*, filed July 9, 2024, unnumbered page 3, ¶ 6. This seems to invoke R.C. 149.43(B)(3)'s requirement that a public office explain the denial of a public records request. That claim fails for two independently dispositive reasons.
>
> First, it was not made in the complaint. That omission means that this claim is not part of this case. *Schutte*, 2019-Ohio-1611, ¶ 26; *Schaffer*, 2024-Ohio-2185, ¶ 61.
>
> Second, it fails on the merits. CJFS did explain its failure to produce the Case Continuation Notices, albeit belatedly. It explained that the Notices "are kept and maintained by the State . . . not the county agency. As a courtesy to you, we requested copies of these notices on your behalf. The attached records are not a public record of the county, and we had no obligation to acquire and produce it." *PQ Miscellaneous*, filed June 25, 2024, June 25, 2024, email from Robin Belcher, p. 1. While that did not

occur until well after this case was filed, R.C. 149.43(B)(3) includes no timeliness requirement and controlling precedent establishes that even explanations provided after an enforcement action is filed satisfy the statute. *State ex rel. Ware v. Giavasis*, 2020-Ohio- 3700, ¶¶ 2-3, 11-12.

(Footnote omitted.) (R & R, 6.)

{¶28} Requester argues in her objection that the Special Master's determination does not fully address the lack of timely communication by Respondent, which allegedly impacted her legal and administrative processes. (*Objections*, ¶ 4.) Requester then goes on to implicate the broader impact of the Respondent's actions and the Report and Recommendation to the Ohio Public Records Act.

{¶29} Upon review of the Special Master's conclusions of law, the Court finds no error. First, Requester does not dispute in her objections that she failed to raise that claim in her complaint. Second, the record supports the Special Master's conclusion that Respondent provided Requester with an explanation of the delay when it located the requested public records at a separate state agency. In a footnote the Special Master "recognize[d] [Requester's] frustration with CJFS' belated explanation; that delay caused her, CJFS' publicly funded counsel, and this publicly funded court to needlessly expend resources litigating a dispute that could have been avoided with a timely explanation and redirection to ODJFS. The law is settled on this point however, so the problem of inefficiently delayed explanations is a matter that can only be addressed by the General Assembly." (R & R, 6.)

{¶30} Upon careful consideration, the Court finds no error to recommend that Respondent CJFS complied R.C. 149.43(B)

{¶31} Requester's fourth objection is overruled.

## III. Conclusion

{¶32} The Court overrules all of Requester's Objections and adopts the Special Master's Report and Recommendation for reasons set forth above. In accordance with the Special Master's recommendations, judgment is entered in favor of Respondent Cuyahoga County JFS/Ohio Department of JFS and court costs are ordered to be

absorbed by the Court.  The Clerk shall serve upon all parties notice of this Decision and Entry and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 13, 2024**
**Sent to S.C. Reporter 10/3/24**